UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
JOSIANE HIRD,                             :
                                          :
                 Plaintiff,               :
                                          :
             -v-                          :     10 Civ. 166 (DLC)
                                          :
iMERGENT Inc., whole owner of             :        MEMORANDUM
Storesonline Inc. d/b/a Storesonline.com  :     OPINION & ORDER
f/k/a Galaxy Mall; STEVEN G. MIHAYLO,     :
CEO of Storesonline Inc.; CLINT           :
SANDERSON, President of Storesonline      :
Inc.; STEVEN MIYAHLO, CEO of iMERGENT     :
Inc.; BRANDON B. LEWIS, former President  :
and Director of iMERGENT Inc.; ROBERT M.  :
LEWIS, former CFO & Director of iMERGENT  :
Inc.; DONALD L. DANKS, former Chairman    :
of the Board, CEO & Director of iMERGENT  :
Inc.; DAVID L. ROSENVALL, CTO & Director  :
of iMERGENT Inc.; DAVID T. WISE, former   :
VP, Director of Operations of iMERGENT    :
Inc.; PETER FREDERICKS, former Director   :
of iMERGENT Inc.; and THOMAS SCHEINER,    :
former Director of iMERGENT Inc.,         :
                                          :
                 Defendants.              :
                                          :
------------------------------------------X

DENISE COTE, District Judge:

        On or about November 17, 2009, pro se plaintiff Josiane

Hird ("plaintiff") initiated this lawsuit by filing a complaint

(the "Original Complaint") asserting claims against five

defendants: Storesonline, Inc. ("Stores Online"), iMergent Inc.

("iMergent"), Steven G. Mihaylo ("Mihaylo"), Clint Sanderson

("Sanderson"), and Steven Miyahlo ("Miyahlo").  In the Original

Complaint, plaintiff asserts that the basis of the Court's

subject matter jurisdiction is diversity of citizenship.  The
plaintiff identified her state of citizenship as New York and
the defendants' state of citizenship as Utah.  The case was
assigned to the Honorable Denny Chin, United States District
Judge.

On March 3, the plaintiff voluntarily dismissed Stores
Online from this lawsuit.  Around the same time, the plaintiff
initiated an arbitration proceeding against Stores Online before
the American Arbitration Association.

On or about March 30, the plaintiff filed an amended
complaint (the "First Amended Complaint").  In the First Amended
Complaint, the plaintiff names iMergent, Mihaylo, Sanderson, and
Miyahlo as defendants.  On April 23, the defendants moved to
dismiss the First Amended Complaint, or in the alternative, to
compel arbitration and stay this lawsuit pursuant to 9 U.S.C.
§§ 3-4 (the "April 23 Motion").

The case was reassigned to this Court on May 12.  After
the plaintiff appeared to assert new claims in her opposition to
the April 23 Motion, the Court sua sponte granted the plaintiff
leave to further amend her pleadings in its Order of July 1,
2010 (the "July 1 Order").  The July 1 Order indicated that the
April 23 Motion would be construed as a motion to compel
arbitration and that the Court would decide the April 23 Motion

after the deadline by which the plaintiff would file any second amended complaint.

On July 21, plaintiff filed her second amended complaint (the "Second Amended Complaint").  The Second Amended Complaint retains iMergent, Mihaylo, Sanderson, and Miyahlo as defendants. The Second Amended Complaint also adds as defendants the following individuals: Brandon B. Lewis ("Brandon Lewis"); Robert M. Lewis ("Robert Lewis"); Donald L. Danks ("Danks"); David L. Rosenvall ("Rosenvall"); David T. Wise ("Wise"); Peter Fredericks ("Fredericks"); and Thomas Scheiner ("Scheiner"). The Second Amended Complaint does not identify where the newly added defendants reside.  The plaintiff's Second Amended Complaint also does not plead any basis for the Court's subject matter jurisdiction.

Before the defendants' April 23 Motion can be decided, the Court must be certain that it has subject matter jurisdiction over this case.  "Because of the primacy of jurisdiction, jurisdictional questions ordinarily must precede merits determinations in dispositional order."  Frontera Res. Azerbaijan Corp. v. State Oil Co. of the Azerbaijan Republic, 582 F.3d 393, 397 (2d Cir. 2009) ("Frontera") (citation omitted).  Federal courts are under an "independent obligation" to ascertain their own jurisdiction.  Local 377, RWDSU, UFCW v. 1864 Tenants Ass'n, 533 F.3d 98, 99 (2d Cir. 2008) (citation

omitted).  Under the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

"Unlike state courts, which are courts of general jurisdiction, federal courts are courts of limited jurisdiction which thus require a specific grant of jurisdiction."  Frontera, 582 F.3d at 397 (citation omitted).  A plaintiff wishing to file a lawsuit in federal court is not entitled to do so automatically, but rather, must be able to assert some basis of subject matter jurisdiction that gives the federal court the authority to hear the case.  Under the U.S. Constitution and the laws enacted by Congress, there are two principal bases of federal court jurisdiction: "federal question jurisdiction" and "diversity jurisdiction."  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted), aff'd, 130 S. Ct. 2869 (2010).

With respect to federal question jurisdiction, a broad reading of the factual allegations made by the plaintiff in her Second Amended Complaint does not reveal any potential federal claims.  Although the Court must "construe [a] pro se [plaintiff's] pleadings broadly, and interpret them to raise the

4

strongest arguments that they suggest," <u>Cruz v. Gomez</u>, 202 F.3d 593, 597 (2d Cir. 2000) (citation omitted)), subject matter jurisdiction "must [nevertheless] be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." <u>Morrison</u>, 547 F.3d at 170 (citation omitted).

The defendants' argument that the plaintiff's claims must be arbitrated does not change the fact that there is no "federal question" in this lawsuit. A court may not compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 4, unless an independent basis of federal subject matter jurisdiction exists. <u>See</u> <u>Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont</u>, 565 F.3d 56, 63 (2d Cir. 2009).

Because this case presents no federal question, it must be determined whether this case may be maintained on the basis of diversity jurisdiction. Under Title 28, Section 1332 of the United States Code, "[d]iversity jurisdiction exists over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." <u>Hallingby v. Hallingby</u>, 574 F.3d 51, 56 (2d Cir. 2009) (citation omitted). Thus, two independent elements must be satisfied in order for jurisdiction to exist under Section 1332: (1) diversity of citizenship among the parties and (2) an amount-in-controversy over $75,000.

With respect to diversity of citizenship, the party seeking to invoke the jurisdiction of the Court must prove that there is "complete" diversity between the plaintiff(s) and the defendant(s).  Hallingby, 574 F.3d at 56.  For diversity to be complete, "each plaintiff's citizenship must be different from the citizenship of each defendant."  Id.  The citizenship of an individual person is determined by his or her "domicile," Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000),[1] while a corporation is the "citizen" of both the state where it is incorporated as well as the state in which it has its "principal place of business," if different.  28 U.S.C. § 1332(c)(1).  Therefore, in order to establish diversity jurisdiction, the parties must show that the plaintiff is not a citizen of the same state as any of the defendants to this lawsuit.

It is not possible for the Court to determine, on the facts before it, whether there is complete diversity of citizenship among the parties.  It appears that plaintiff is a citizen of New York, and her Original Complaint contends that iMergent,

---

[1] "Domicile," for the purposes of diversity jurisdiction, means "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning."  Corio, 232 F.3d at 42 (citation omitted).  "At any given time, a person has but one domicile."  Id.

Mihaylo, Sanderson, and Miyahlo are citizens of Utah.[2]  No
information is available to the Court, however, regarding any of
the remaining defendants.

Even if complete diversity of citizenship exists, a second
requirement must also be met: the "amount in controversy"
requirement.  To satisfy this requirement, a plaintiff must be
able to show that, if she succeeded on all of her claims, she
would be able to recover from the defendants a value that
"exceeds the sum or value of $75,000, exclusive of interest and
costs."  28 U.S.C. § 1332(a). "Different state claims brought by
a single plaintiff may be aggregated [i.e., added together] for
purposes of satisfying the amount-in-controversy requirement."
Colavito v. N.Y. Organ Donor Network, Inc., 438 F.3d 214, 221
(2d Cir. 2006).  The plaintiff bears the burden of showing a
"reasonable probability" that the threshold requirement is
satisfied.  Id. (citation omitted).  "This burden is hardly
onerous, however, [because courts] recognize a rebuttable
presumption that the face of the complaint is a good faith
representation of the actual amount in controversy."  Scherer v.
Equitable Life Assurance Soc'y of the U.S., 347 F.3d 394, 397
(2d Cir. 2003) (citation omitted).  The amount claimed by the

---

[2] The defendants also state in the brief supporting their April
23 Motion that "Utah and New York . . . [are] the domiciles of
the parties."  The defendants do not explain whether iMergent is
a citizen of more than one state.

plaintiff "controls if the claim is apparently made in good
faith."  Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Trust
Co. of Chi., 93 F.3d 1064, 1070 (2d Cir. 1996) (citation and
emphasis omitted).  "It must appear to a legal certainty that
the claim is really for less than the jurisdictional amount to
justify dismissal."  Id. (citation omitted).

In her Second Amended Complaint, the plaintiff seeks
damages in the amount of $500,000, which the plaintiff explains
is "[the amount] which Plaintiff was promised and guaranteed she
would make from her six web stores in one year, if not more[,]
and her investment back in 90 days."  The Second Amended
Complaint also requests interest, court costs, and "all
punitive/compensatory/exemplary costs [sic] and all expenses
connected with this case."

The Second Amended Complaint appears to assert two primary
claims: breach of contract and fraud.[3]  A party that breaches a
contract is ordinarily liable for "the amount of damages [that]
put[s] the non-breaching party in as [] good a position as if
the breach had not occurred."  Boyce v. Soundview Tech. Group,
Inc., 464 F.3d 376, 391 (2d Cir. 2006).  A plaintiff is entitled
to recover lost profits only if she can establish "both the
existence and amount of such damages with reasonable certainty.

---

[3] Any final determination on the standard for recovery of damages
will be dependent on a choice-of-law analysis, which has not yet
been undertaken.

The damages may not be merely speculative, possible or imaginary." Schonfeld v. Hilliard, 218 F.3d 164, 172 (2d Cir. 2000) (citation omitted).  In a lawsuit for fraud, a plaintiff ordinarily may recover only the amount of money required to return the plaintiff to the condition she was in before the fraud occurred.  See Lama Holding Co. v. Smith Barney Inc., 88 N.Y.2d 413, 421 (1996).  Fraud damages are not to compensate plaintiffs "for what they might have gained."  Id.

Construed liberally, the Second Amendment Complaint seeks "punitive" or "exemplary" damages on the fraud claim. "[P]unitive damages . . . are allowed under New York law in fraud and deceit cases where the defendant's conduct evinced a high degree of moral turpitude and demonstrated such wanton dishonesty as to imply a criminal indifference to civil obligations." Evans v. Ottimo, 469 F.3d 278, 283 (2d Cir. 2006) (citation omitted).  "[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount [set by 28 U.S.C. § 1332] is satisfied." A.F.A. Tours, Inc. v. Whitchurch, 937 F.2d 82, 87 (2d Cir. 1991).  The plaintiff's claim for punitive damages may be construed as exceeding $75,000.  As such, the amount-in-controversy requirement is satisfied on this basis, although other bases may exist as well.

9

"The burden of persuasion for establishing diversity jurisdiction . . . remains on the party asserting it." <u>Hertz Corp. v. Friend</u>, 559 U.S. __, 130 S. Ct. 1181, 1194 (2010). Here, both the plaintiff and the defendants seek to invoke the jurisdiction of this Court: the plaintiff in order to litigate her breach-of-contract and fraud claims, and the defendants in order to compel the plaintiff to arbitrate her claims.  Thus, the burden rests on both parties to establish that this Court possesses subject matter jurisdiction over this case. Accordingly, it is hereby

ORDERED that the plaintiff and defendants shall, by **October 1, 2010**, each submit a letter to the Court addressing the existence of subject matter jurisdiction over this action.  The plaintiff and defendants shall each identify, to the best of their ability, the citizenship of the plaintiff and the citizenship of each of the defendants.  The plaintiff shall also explain in her letter what steps she has taken to serve her Second Amended Complaint on the newly added defendants: Brandon Lewis, Robert Lewis, Danks, Rosenvall, Wise, Fredericks, and Scheiner.

IT IS FURTHER ORDERED that, upon receiving the parties' submissions, the Court will determine whether it has subject matter jurisdiction over this case.  If it does have subject matter jurisdiction, it will decide the April 23 Motion.  If it

does not have subject matter jurisdiction, it will dismiss this
case, as required by Federal Rule of Civil Procedure 12(h)(3).

IT IS FURTHER ORDERED that failure to comply with any of
the terms of this Order may constitute grounds for the denial of
requested relief, dismissal of the action, or such other action
as may be just in the circumstances.

SO ORDERED:

Dated:    New York, New York
          August 26, 2010

                                    _____
                                          DENISE COTE
                                    United States District Judge

11

Copies sent to:


Josiane Hird                    Ryan James Donohue
150 West End Avenue            Akin Gump Strauss Hauer & Feld LLP
Apt.# 6-D                      One Bryant Park
New York, NY 10023            New York, NY 10036