UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------X
                                             :
JOSIANE HIRD,                                :
                                             :        10 Civ. 166
                       Plaintiff,            :          (DLC)
                                             :
            -v-                              :    OPINION & ORDER
                                             :
IMERGENT, INC., STEVEN G. MIHAYLO, CLINT     :
SANDERSON, BRANDON B. LEWIS, ROBERT M. LEWIS, :
DONALD L. DANKS, DAVID L. ROSENVALL, DAVID T. :
WISE, PETER FREDERICKS, THOMAS SCHEINER,     :
                                             :
                       Defendants.           :
                                             :
--------------------------------------------- X

APPEARANCES:

For Pro Se Plaintiff:
Josiane Hird
150 West End Avenue, Apt. 6D
New York, NY 10023

For Defendants:
Ryan J. Donohue
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036

DENISE COTE, District Judge:

     Pro se plaintiff Josiane Hird brings this action for breach
of contract and fraud.  Certain defendants have moved to dismiss
the plaintiff's complaint, or in the alternative, to compel
arbitration.  For the following reasons, the motion to compel
arbitration is granted.

<u>BACKGROUND</u>

The following facts are taken from the plaintiff's July 27, 2010 second amended complaint as well as her submissions of May 17 and August 5, 2010.  Plaintiff is a New York City resident who contracted with defendant StoresOnline Inc. ("StoresOnline"), a Utah corporation, to purchase six "web-stores."  StoresOnline "sells software and service packages for starting and conducting business on the internet."  StoresOnline is owned by defendant iMergent, Inc. ("iMergent"), a Delaware corporation, which holds seminars in hotels around the country for customers interested in starting an internet business.  Also named as defendants are nine individuals, two of whom are executive officers of StoresOnline and iMergent ("Officer Defendants") and seven of whom are described as current or former directors of iMergent (the "Director Defendants").[1]

Plaintiff asserts that a number of representations were made to her during seminars conducted by StoresOnline in 2005.  Plaintiff was "assured" that she would make at least $70,000 to $80,000 per web-store per year.  She was also told that StoresOnline customers would be able to "have their sites hosted anywhere on the W[eb]."

---

[1] The complaint separately lists Steven G. Mihaylo as President of StoresOnline and Steven Miyahlo as CEO of iMergent.  These two defendants are apparently the same person.  The first of the two spellings of Mihaylo's name appears to be correct.

Relying on these representations, on or about June 29, 2005, plaintiff entered into a contract with StoresOnline for the purchase of six web-stores ("the contract").  The contract contains an arbitration clause, which reads as follows:

> By execution of this Order Form Agreement (the "Agreement"), purchaser/customer ("Merchant") and StoresOnline, Inc. ("Company") hereby consent and agree that <u>any and all disputes that arise</u> between them <u>concerning this Agreement</u> or any of the terms of this Agreement, <u>or that concern any aspect of the relationship</u> between Merchant and Company, <u>shall be decided exclusively in binding arbitration</u> conducted by the American Arbitration Association ("AAA"). . . . Merchant and Company consent and agree that the AAA shall have exclusive and sole jurisdiction to decide all disputes between Merchant and Company, and Merchant and Company decide that the AAA arbitrator shall exclusively apply Utah law to the dispute . . . . [I]n the event that Merchant or Company files any court proceeding in violation of this contractually agreed-upon arbitration requirement, the party who is required to appear in any Court proceeding to defend against such proceeding shall be entitled to an immediate stay and dismissal of such Court proceeding . . . .

(Emphasis supplied).

Despite weekly telephone calls to StoresOnline over the next year and a half, the plaintiff was unable to operate her websites.  When plaintiff demanded back the money that she had paid to StoresOnline, she was informed that she would not be given any refund.

On January 11, 2010, plaintiff filed this lawsuit against StoresOnline, iMergent, and the two Officer Defendants.  The case was assigned to the Honorable Denny Chin, United States

District Judge.  On March 3, 2010, StoresOnline was voluntarily dismissed from this action at the plaintiff's request, and the plaintiff initiated an arbitration proceeding against StoresOnline before the American Arbitration Association.

On March 25, the remaining defendants moved to dismiss the lawsuit or, in the alternative, to compel arbitration.  On March 30, the plaintiff filed an amended complaint seeking contract, compensatory, and punitive damages.  By Order of April 1, Judge Chin denied the March 25 motion, which was addressed to the original complaint, and directed the defendants to answer or move with respect to the amended complaint by April 25.

On April 23, iMergent and the Officer Defendants moved to dismiss the amended complaint.  On May 12, the case was reassigned to this Court.  Plaintiff's opposition papers were filed on May 17, and defendants' reply was filed on June 4.

In her May 17 opposition papers, plaintiff argued that the defendants are the "alter egos" of StoresOnline and asserted that they committed fraud as well as breach of contract.  These assertions were not pleaded in the plaintiff's amended complaint.  Accordingly, on July 1, the Court issued an Order (the "July 1 Order") directing the plaintiff to file a second amended complaint by July 23 "if she wishe[d] to assert an alter-ego theory of breach of contract and/or a fraud claim against the defendants."  The July 1 Order also advised the

4

defendants that they could make a further submission in support of their April 23 motion by July 30, if they wished to do so.

The plaintiff filed her second amended complaint on July 27.  In the second amended complaint, the plaintiff retains all of the existing defendants and adds the seven Director Defendants.  To date, only two of the Director Defendants -- David L. Rosenvall ("Rosenvall") and David T. Wise ("Wise") -- have been served.[2]  On July 29, iMergent and the Officer Defendants made a further submission in support of their motion to compel arbitration.  Hird filed a response to this supplemental submission on August 5.[3]

Plaintiff's second amended complaint failed to plead any basis for this Court's subject matter jurisdiction.  Thus, by Order dated August 26, the parties were instructed to submit a letter addressing whether the Court had subject matter jurisdiction over the action.  The plaintiff was also directed to provide the Court with a statement of the steps she had taken

---

[2] Rosenvall was served on August 20 and the Marshal's process receipt and return of service executed was filed on September 1. The Marshal's process receipt and return of service executed for Wise has not yet been filed, but on November 15, counsel for Wise entered a notice of appearance, suggesting that Wise had been served.

[3] The April 23 Motion and the subsequent July 29 submission were initially only made on behalf of iMergent, Mihaylo, and Sanderson.  By letters dated September 10 and November 15, Rosenvall and then Wise indicated that they wished to join the pending motion.

to serve a summons and complaint upon the Director Defendants that were added in her second amended complaint.  By Order dated December 22, the Court determined that it has subject matter jurisdiction over this case.  The December 22 Order also instructed iMergent to provide Hird with the current or last known addresses of the five Director Defendants who had not yet been served.  Plaintiff was given until January 21, 2011 to deliver original signed copies of the second amended complaint to the United States Marshall Service for service upon these remaining defendants.[4]

DISCUSSION

iMergent and the four individual defendants who have been served move to compel arbitration of plaintiff's claims. Plaintiff appears to oppose arbitration on two grounds.  First, Hird asserts that she only agreed to arbitrate her disputes with StoresOnline and did not make a similar agreement with any of the other defendants.  Second, the plaintiff contends that her agreement with StoresOnline is unenforceable in light of her claims for fraud.  Neither of these arguments defeats the defendants' right to compel arbitration.

---

[4] These defendants, all of whom were directors of iMergent, have not yet been served and therefore have not participated in this motion practice.  It appears, however, that for the same reasons discussed below, the plaintiff's claims against these defendants will also be subject to arbitration pursuant to the arbitration clause in the contract.

The Federal Arbitration Act, 9 U.S.C. § 1 et seq., is "an expression of a strong federal policy favoring arbitration as an alternative means of dispute resolution." Ragone v. Atl. Video at Manhattan Ctr., 595 F.3d 115, 121 (2d Cir. 2010) (citation omitted). "[W]hether parties have agreed to submit a particular dispute to arbitration is typically an issue for judicial determination." Granite Rock Co. v. Int'l B'hood of Teamsters, 130 S. Ct. 2847, 2855 (2010) (citation omitted). "When deciding whether the parties agreed to arbitrate a certain matter courts generally should apply ordinary principles that govern the formation of contracts." Id. at 2856 (quoting First Options of Chicago., Inc. v. Kaplan, 514 U.S. 938, 944 (1995)). "[A] court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate that dispute." Granite Rock, 130 S. Ct. at 2856.

"[U]nder principles of estoppel, a non-signatory to an arbitration agreement may compel a signatory to that agreement to arbitrate a dispute." Sokol Holdings, Inc. v. BMB Munai, Inc., 542 F.3d 354, 358 (2d Cir. 2008) (quoting JLM Indus., Inc. v. Stolt Nielsen SA, 387 F.3d 163 (2d Cir. 2004) (citation omitted)). Arbitration is required where the "subject matter of the dispute" is "intertwined with the contract providing for arbitration" and there is a "relationship" between the defendants and the counter-party to the arbitration agreement

such that a court could conclude that the plaintiff "had consented to extend its agreement to arbitrate" to the non-party defendants. Sokol, 542 F.3d at 361.

The strong preference for enforcing arbitration agreements dictates that a claim for fraud or unconscionability only abrogates an otherwise binding arbitration agreement if the plaintiff contends that the arbitration agreement itself is unconscionable or was procured by fraud. JLM Indus., 387 F.3d at 170. Put differently, if "a party challenges the validity under § 2 [of the FAA] of the precise agreement to arbitrate at issue, the federal court must consider the challenge before ordering compliance with that agreement." Rent-A-Center, W. Inc. v. Jackson, 130 S. Ct. 2772, 2778 (2010); see also Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967).

Defendants' motion to stay this litigation and compel arbitration must be granted. The arbitration clause in the contract is broad, mandating arbitration of "any and all disputes that arise" between the parties "concerning this Agreement or any of the terms of this Agreement, or that concern any aspect of the [parties'] relationship." All of the plaintiff's claims arise out of the plaintiff's relationship with StoresOnline. She asserts that StoresOnline misrepresented the revenue she would earn from her web-stores and the web

hosting process.  She complains that it refused to return her
investment.  iMergent and the Officer and Director Defendants
are liable to the plaintiff for these wrongs because of their
association with StoresOnline.  iMergent is the sole owner of
StoresOnline and the various individual defendants have served
as executives and former directors for both StoresOnline and
iMergent.  Indeed, plaintiff's alter-ego claim is predicated on
the close relationship between StoresOnline, the various
individual defendants, and iMergent.  As a consequence, even
though iMergent and the individual defendants were not parties
to the plaintiff's contract with StoresOnline, they may compel
the plaintiff to arbitrate her claims against them.

The plaintiff appears to contend that her claims are not
subject to arbitration because the defendants fraudulently
induced her to enter into contract with StoresOnline.  But, the
plaintiff does not contest the validity of the arbitration
clause contained within the contract or otherwise allege facts
tending to suggest that the clause itself was unconscionable.
Instead, the plaintiff concedes that she "agreed to binding
arbitration" with StoresOnline.  Accordingly, because "a claim
or defense of fraudulent inducement, when it challenges
generally the enforceability of a contract . . . rather than
specifically the arbitration clause itself, may be subject to
arbitration," this Court is without jurisdiction to adjudicate

the plaintiff's claims in the first instance.  <u>JLM Indus.</u>, 387 F.3d at 170 (citing <u>Prima Paint Corp.</u>, 388 U.S. at 403-04).

CONCLUSION

The April 23, 2010 motion by iMergent, Mihaylo, Miyahlo Sanderson, Rosenvall, and Wise to compel arbitration is granted. With respect to these defendants, this action is stayed pending arbitration.


SO ORDERED:


Dated:    New York, New York
          January 6, 2011


_____
DENISE COTE
United States District Judge