```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
JOSIANE HIRD,                           :
                        Plaintiff,      :
                                        :       10 Civ. 166 (DLC)
             -v-                        :
                                        :       MEMORANDUM OPINION
IMERGENT, INC., STEVEN G. MIHAYLO,      :           & ORDER
CLINT SANDERSON, BRANDON B. LEWIS,      :
ROBERT M. LEWIS, DONALD L. DANKS, DAVID :
L. ROSENVALL, DAVID T. WISE, PETER      :
FREDERICKS, THOMAS SCHEINER,            :
                        Defendants.     :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff:

Josiane Hird, pro se
150 West End Avenue
Apt.# 6-D
New York, NY 10023

For Defendants Imergent, Inc., Clint Sanderson, Brandon B. Lewis, Donald L. Danks, David L. Rosenvall, David T. Wise, Peter Fredericks:

Ryan James Donohue
Akin Gump Strauss Hauer & Feld LLP (NYC)
One Bryant Park
New York, NY 10036


DENISE COTE, District Judge:

Pro se plaintiff Josiane Hird seeks confirmation of an arbitration award dated April 15, 2011 (the "April 15 Award") against StoresOnline, Inc. ("StoresOnline"). The parties dispute the proper pre-judgment interest rate to be applied to

the April 15 Award.  For the following reasons, the motion is granted and pre-judgment interest shall be calculated at the rate of 10% per annum.

BACKGROUND

On January 11, 2010, plaintiff filed this lawsuit against StoresOnline, a Utah corporation; iMergent, Inc. ("iMergent"), a Delaware corporation; and, two individuals who are executive officers of StoresOnline and iMergent (the "Officer Defendants").  On March 3, 2010, StoresOnline was voluntarily dismissed from this action at plaintiff's request, and the plaintiff initiated an arbitration proceeding against StoresOnline before the American Arbitration Association ("AAA").

An amended complaint was filed on March 30.  On April 23, iMergent and the Officer Defendants moved to dismiss the amended complaint (the "April 23 Motion").  By Order dated July 1, Hird was granted leave to file a second amended complaint no later than July 23 and defendants were instructed that they could make a further submission in support of the April 23 Motion by July 30.  On July 27, the plaintiff filed a second amended complaint which retained all existing defendants and added seven individuals, all of whom were described as current or former directors of iMergent (the "Director Defendants").  In an

Opinion dated January 6, 2011 (the "January 6 Opinion"), a motion to compel arbitration made by iMergent and four individual defendants was granted.[1]  Hird v. iMergent, Inc., 10 Civ. 166 (DLC), 2011 WL 43529, at *1 (S.D.N.Y. Jan. 6, 2011).

To date, the Court's docket sheet indicates that both iMergent and the two Officer Defendants have been served.  It also appears that three of the seven Director Defendants have been served, namely:  David L. Rosenvall ("Rosenvall"), David T. Wise ("Wise"), and Donald L. Danks.  Four of the named Director Defendants, however, have not been served:  Brandon B. Lewis ("B. Lewis"), Robert M. Lewis ("R. Lewis"), Peter Fredericks ("Fredericks"), and Thomas Scheiner ("Scheiner").  On January 13, 2011, the United States Marshal filed three process receipts and returns of service unexecuted, which indicate that service on B. Lewis, Fredericks, and Scheiner had been unsuccessfully attempted on December 6, 2010.  Finally, although the United States Marshal has confirmed that plaintiff delivered a summons and complaint for service on R. Lewis, there is no record of whether service has been attempted.

---

[1] The January 6 Opinion observed that while a number of the Director Defendants had not yet been served and therefore, did not participate in motion practice, "[i]t appears . . . that . . . the plaintiff's claims against these defendants will also be subject to arbitration pursuant to the arbitration clause in the contract."  Hird v. iMergent, Inc., 10 Civ. 166 (DLC), 2011 WL 43529, at *2 n.4 (S.D.N.Y. Jan. 6, 2011).

On April 11, 2011, an AAA hearing was conducted before arbitrator Carol M. Luttati ("Lutatti").  On April 15, Lutatti entered an Award ordering that

> RESPONDENT StoresOnline, Inc. shall pay to CLAIMANT the sum of $10,918.46 . . . plus pre-judgment interest on the aforesaid sum from December 29, 2006 and post-judgment interest until the date this AWARD is satisfied as permitted in accordance with the applicable laws, if any, of the State of Utah at the interest rate specified thereunder.
>
> The administrative expenses of the American Arbitration Association totaling $7,625.00 and the compensation and expenses of the arbitrator totaling $10,830.00 shall be borne as incurred by the parties.

On April 25, Hird filed a motion to confirm the April 15 Award against StoresOnline.  Attached to the motion to confirm was an affirmation of service indicating that the motion had been served on Jeffrey Korn, who Hird identified as counsel to StoresOnline.  There was no indication that the motion to confirm was served on iMergent or any of the individual defendants who remain in the action.  On May 31, however, iMergent, the Officer Defendants, and four of the Director Defendants -- Rosenvall, Wise, B. Lewis, and Fredericks -- (collectively, the "Represented Defendants") submitted an opposition to the plaintiff's motion.  On June 7, the motion became fully submitted and, by letter dated June 30, counsel to the Represented Defendants indicates that they "do not object if Plaintiff Josiane Hird is not able to or otherwise does not

4

serve the additional named defendants (the 'Unrepresented Defendants') with a copy of Plaintiff's motion to confirm the arbitration award . . . and any related motion papers that have been filed by Plaintiff."

An Order dated July 11 instructed the Represented Defendants to advise the Court, no later than July 15, 2011, whether they were taking responsibility for the April 15 Award. By letter dated July 14, counsel for the Represented Defendants notified the Court that iMergent "will assume responsibility for payment of the arbitration award issued against former entity defendant StoresOnline . . ., including the obligation to pay Plaintiff an award in the amount of $10,918.46, plus interest in an amount to be determined by this Court, as iMergent is the corporate parent of StoresOnline."

DISCUSSION

"A court reviewing an arbitration order 'can confirm and/or vacate the award, either in whole or in part.'" Robert Lewis Rosen Associates, Ltd. v. Webb, 473 F.3d 498, 504 (2d Cir. 2007) (quoting D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 104 (2d Cir. 2006)). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or

corrected." D.H. Blair & Co., 462 F.3d at 110 (citation omitted). A court's review of an arbitration award is "severely limited" so as not to frustrate unduly the "twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted). Indeed, "the showing required to avoid confirmation is very high," and "[o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." D.H. Blair & Co., 462 F.3d at 110 (citation omitted).

The Represented Parties do not contest the authenticity of the April 15 Award or the validity of its reasoning, but they dispute how pre-judgment interest should be calculated. Section 15-1-1 of the Utah Code, titled "Interest rates -- Contracted rate -- Legal rate," provides in relevant part that "[u]nless parties to a lawful contract specify a different rate of interest, the legal rate of interest for the loan or forbearance of any money, goods, or chose in action shall be 10% per annum." Utah Code Ann. § 15-1-1(2) (West 2011). Neither party suggests that there was an ex ante agreement concerning a pre-judgment interest rate in the event of a breach of contract; therefore, under Utah law, the default interest rate of 10% per annum must be used to calculate pre-judgment interest.

The Represented Defendants maintain that the relevant legal standard comes from Utah Code Section 15-1-4(3)(a). This argument is unavailing. Section 15-1-4(3)(a), titled "Interest on Judgments," states that

> [e]xcept as otherwise provided by law, other civil and criminal judgments of the district court and justice court shall bear interest at the federal postjudgment interest rate of January 1 of each year, plus 2%.

Utah Code § 15-1-4(3)(a) (emphasis supplied). Thus, while Section 15-1-4(3) sets the rate of post-judgment interest, it is inapposite to the rate of pre-judgment interest.

## CONCLUSION

The plaintiff's April 25 motion to confirm the April 15 arbitration award is granted. Pre-judgment interest shall be calculated at the rate of 10% per annum, pursuant to Utah Code §§ 15-1-1. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         September 9, 2011

                                    _____
                                         DENISE COTE
                                    United States District Judge

Copies sent to:

Josiane Hird
150 West End Avenue
Apt.# 6-D
New York, NY 10023

Ryan James Donohue
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036